UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                             Plaintiff,<br>  v.<br><br>LEARN WATERHOUSE, INC., RANDALL T. TREADWELL, RICK D. SLUDER, LARRY C. SATURDAY, and ARNULFO M. ACOSTA,<br><br>                            Defendants. | Case No. 04-CV-2037 W (LSP)<br><br>**ORDER APPROVING THE RECEIVER'S OBJECTIONS TO STACY SMITH'S CLAIMS** |

On April 13, 2005 this Court granted Thomas F. Lennon's ("Receiver") motion requesting approval of summary proceedings for the administration of claims, resolution of claim disputes and ancillary actions. As part of that order, the Court set a claims bar date and ruled that investor claims would only encompass the principal invested, not any promised return thereon. The claim forms the Receiver used notified investors of both the claims bar date as well as the fact that their claims

would be limited to the principal they invested.

On May 9, 2006 the Receiver filed his omnibus claim objections.  A number of investors responded to the Receiver's claim objections, including Stacy Smith ("Smith").  On July 11, 2006 the Court partially granted the Receiver's omnibus claim objections.  However, because the Receiver had not submitted evidence substantiating his claims regarding Smith's cash card withdrawals, and Smith had not been afforded a formal opportunity to respond to the Receiver's proposed reduction of her claim based on her cash card withdrawals, the Court declined to rule on the Receiver's objections to Smith's claim.  (*Doc. No.* 403.)  Instead, the Court ordered the Receiver to submit evidence documenting Smith's cash card withdrawals by no later than August 11, 2006. (*Id.*)  Smith's response, if any, was due August 31, 2006. (*Id.*)

On August 10, 2006 the Receiver submitted the additional evidence required by this Court's July 11, 2006 order.  To date, Smith has not responded or requested additional time in which to do so.  Having reviewed the Receiver's most recent submission, the Receiver's original claim objections and Smith's response, the Court finds that the Receiver's proposed claim amounts for Smith are appropriate.  Accordingly, the Court **HEREBY APPROVES** the Receiver's objections to Smith's claims.  **Claim 1402 is reduced to $0.00 and claim 1403 is reduced to $37,714**.

**IT IS SO ORDERED.**

DATED:  September 12, 2006

Hon. Thomas J. Whelan
United States District Judge