UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　Plaintiff,<br>　v.<br><br>LEARN WATERHOUSE, INC., RANDALL T. TREADWELL, RICK D. SLUDER, LARRY C. SATURDAY, and ARNULFO M. ACOSTA,<br><br>　　　　　　　　　　　　Defendants. | Case No. 04-CV-2037 W (LSP)<br><br>**ORDER APPROVING THE RECEIVER'S OBJECTIONS TO TANSY LTD'S AND THE TANSY INVESTORS' CLAIMS** |

On April 13, 2005 this Court granted Thomas F. Lennon's ("Receiver") motion requesting approval of summary proceedings for the administration of claims, resolution of claim disputes and ancillary actions. As part of that order, the Court set a claims bar date and ruled that investor claims would only encompass the principal invested, not any promised return thereon. The claim forms the Receiver used notified investors of both the claims bar date as well as the fact that their claims

would be limited to the principal they invested.

On May 9, 2006 the Receiver filed his omnibus claim objections. A number of investors responded to the Receiver's claim objections, including Tansy Ltd. ("Tansy") and four individuals who had invested in LWI through Tansy: Matthew Acred, John Hooper, Teresita Soliman and Sharon Tan (collectively "Tansy Investors"). On July 11, 2006 the Court partially granted the Receiver's omnibus claim objections. However, at the Receiver's suggestion, the Court deferred ruling on Tansy's and the Tansy Investors' claims to allow the Receiver time to further investigate the claims. The Court ordered the Receiver to submit additional briefing regarding his investigation into Tansy's and the Tansy Investors' claims by no later than September 8, 2006.

On September 8, 2006 the Receiver timely submitted additional briefing on the Tansy's and Tansy Investors' claims. The Receiver's additional investigation has confirmed that the total amount Tansy invested in LWI was $400,000 and the total amount distributed to Tansy was $248,000, leaving a money-in, money-out claim amount of $152,000. The Tansy Investors transferred a total of $520,000 to Tansy/Levinthal and according to their claim forms did not receive any distributions. (*Receiver's Additional Briefing*, Ex. B.)

Additionally, the Receiver's briefing addressed two concerns this Court expressed in its July 11, 2006 order. First, in response to the Receiver's treatment of the Tansy Investors' claims as duplicative of Tansy's claim, the Court noted that "[i]f all of the money Tansy invested in LWI can be traced directly back to the Tansy Investors, whether or not all of the Tansy Investors' money was invested in LWI, the most equitable result may be to treat Tansy's claim as duplicative of the Tansy Investors' claims rather than the other way around." The Receiver agrees that the Court's proposed treatment of the Tansy claim as duplicative of the Tansy Investors' claims is appropriate and the Receiver's counsel has confirmed, through Tany's vice-president Malcolm Levinthal, that Tansy has no objection to the Court's proposed

treatment of Tansy's claim. (*Declaration of Edward Fates, Doc. 418*, at ¶ 6.) Second, the Receiver has explained to the Court's satisfaction that he is not treating LWI Senior Member Representatives ("SMR") differently than Grande Belgravia "aggregators" such as Levinthal/Tansy. Nothing in the record before the Court indicates that either Levinthal or Tansy was an LWI or Grande Belgravia insider. Instead, the evidence before the Court strongly suggests that Levinthal/Tansy was nothing more than a downstream investor recruited by one of LWI's SMRs, Ray Fisher/Provident Funding. The Court has reviewed the entirety of Aaron Keiter's[1] deposition transcript and it is clear from Mr. Keiter's testimony that Levinthal/Tansy's relationship with LWI was nothing like that of a true SMR, such as Ray Fisher/Provident Funding. See generally (*Declaration of Jeffrey Patterson, Doc. 419*, Ex. A.) Accordingly, the Court concludes that it would be unfair to the other investors to hold the receivership estate responsible for funds Levinthal/Tansy allegedly took from the Tansy Investors but did not invest in LWI.

Finally, the Court approves the Receiver's proposed pro rata treatment of the Tansy Investors' claims. The Court finds this to be an equitable way to handle the Tansy Investors' claims since there are insufficient funds to make all of the Tansy Investors whole.

In light of the foregoing, the Court **HEREBY ORDERS** as follows:

1. Tansy's claims is disallowed in its entirety as duplicative of the Tansy Investors' claims;

2. The Tansy Investors may not seek recovery from the receivership estate for monies that Tansy did not actually invest in LWI;

3. The Receiver's proposed claim amounts for the Tansy Investors' claims are approved. **Matthew Acred's** claim is approved in the amount of **$35,081.60**.

---

[1] Mr. Keiter was LWI's attorney from approximately June 2004 to September or October 2004. As part of his LWI duties, Mr. Keiter processed funds through his attorney trust account and disbursed investor "returns" at LWI's direction.

1  **John Hooper's** claim is approved in the amount of **$29,229.60**.  **Teresita Soliman's**
2  claim is approved in the amount of **$58,459.20**.  **Sharon Tan's** claim is approved in
3  the amount of **$29,229.60**.

5  **IT IS SO ORDERED.**

7  DATED:  September 14, 2006

_____
Hon. Thomas J. Whelan
United States District Judge