K:\COMMON\CHMB_WHE\_Orders to be signed\Order re Receiver's objections to the E-Bullion claims.wpd

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br><br>LEARN WATERHOUSE, INC., RANDALL T. TREADWELL, RICK D. SLUDER, LARRY C. SATURDAY, and ARNULFO M. ACOSTA,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 04-CV-2037 W (LSP)<br><br>**ORDER APPROVING THE RECEIVER'S OBJECTIONS TO E-BULLION CLAIMS** |

On April 13, 2005, this Court granted Thomas F. Lennon's ("Receiver") motion requesting approval of summary proceedings for the administration of claims, resolution of claim disputes and ancillary actions. As part of that order, the Court set a claims bar date and ruled that investor claims would only encompass the principal invested, not any promised return thereon. The claim forms the Receiver used

notified investors of both the claims bar date as well as the fact that their claims would be limited to the principal they invested.

On May 9, 2006, the Court granted the Receiver's ex parte application extending the deadline to August 7, 2006 for objecting to claims submitted by the investors that used E-Bullion (the "E-Bullion Investors"). Thereafter, the Receiver timely filed his objections along with a schedule identifying the amount of each investor's claim and the Receiver's proposed reduction, if any. (*Declaration of Thomas F. Lennon* ("*Lennon Decl.*"), *Doc. 410*, Exhibit "A.") As established by the schedule, the Receiver is not objecting to a majority of the claims submitted by the E-Bullion Investors.

As for those claims to which the Receiver is objecting, none of the E-Bullion Investors filed a response with the Court, and on September 21, 2006, the Receiver filed a notice of non-opposition. In the notice of non-opposition, the Receiver acknowledges receiving several letters and requests for documentation from the investors, which led to an adjustment to the claim submitted by investor Gary Crickenberger.

With respect to the remaining claims to which the Receiver objected and no response was filed with the Court, the Receiver has submitted sufficient evidence to establish that those claims were either improperly calculated or duplicative of other claims. (See generally *Lennon Decl.*) This is significant because when evaluating claims against the receivership estate, it is well settled that the burden of establishing a claim is on the claimant. Lundell v. Anchor Constr. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000). And although a properly filled out and submitted proof of claim form is sufficient to establish the claim's prima facie validity (Id.), "[i]f the objector [to the claim] produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." In re Consol. Pioneer Mort., 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) aff'd, 91 F.3d 151 (9th Cir. 1996).

Accordingly, because none of the claimants filed a response to the Receiver's objections, the Court approves the Receiver's proposed reductions to the E-Bullion Investors' claims.

In light of the foregoing, the Court **GRANTS** the Receiver's objections to the E-Bullion Investors' claims, and **APPROVES** the Receiver's proposed claim amounts as listed in Exhibit A to the Receiver's notice of non-opposition filed on September 21, 2006.

**IT IS SO ORDERED.**

DATED: September 26, 2006

_____
Hon. Thomas J. Whelan
United States District Judge