UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>LEARN WATERHOUSE, INC., RANDALL T. TREADWELL, RICK D. SLUDER, LARRY C. SATURDAY AND ARNULFO M. ACOSTA,<br><br>Defendant. | CASE NO: 04-CV-2037 W (LSP)<br><br>**ORDER DENYING TANSY INVESTORS' MOTION FOR RECONSIDERATION** |

On September 14, 2006, this Court issued an order approving Thomas F. Lennon's ("Receiver") objections to Tansy LTD's and the Tansy Investors' claims. The order followed additional briefing requested by the Court from the Receiver regarding his investigation into Tansy LTD's and the Tansy Investors' claims. This motion for reconsideration by the Tansy Investors followed.

The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d.1). For the reasons stated below, the Court **DENIES** the motion.

**I.    BACKGROUND**

On April 13, 2005, this Court granted the Receiver's motion requesting approval of summary proceedings for the administration of claims, resolution of claim disputes and ancillary actions. As part of that order, the Court set a claims bar date and ruled that investor claims would only encompass the principal invested, not any promised return thereon. The claim forms the Receiver used notified investors of both the claims bar date, as well as the fact that their claims would be limited to the principal they invested.

The Tansy Investors made individual claims against the LWI estate totaling $520,000. On May 9, 2006, the Receiver filed his omnibus claim objections, which proposed to disallow the Tansy Investors' claims in their entirety as duplicative of the claim submitted by Malcolm Levinthal on behalf of Tansy Ltd.

On June 12, 2006, the Tansy Investors filed a response to the Receiver's objection. The response, in essence, argued that Levinthal was an insider (or "aggregator") of Grande Belgravia, Ltd., an LWI affiliate, and thus that all of the Tansy Investors' funds invested through Levinthal should be treated in the same manner as investor funds provided to LWI Senior Member Representatives.

The Receiver's reply to the Tansy Investors' response requested additional time to investigate. On July 11, 2006, the Court issued an order that, among other things, granted the Receiver until September 8, 2006 to complete his investigation.

On September 8, 2006, the Receiver filed an Additional Brief Regarding Claims Submitted by Tansy LTD and Tansy Investors (the "Additional Brief"), which addressed the Tansy Investors' arguments regarding Levinthal's connection to the alleged LWI ponzi scheme. On September 14, 2006, the Court issued an Order Approving the Receiver's Objections to Tansy LTD's and the Tansy Investors' Claims (the "Order").

The Order specifically addressed the parties' arguments regarding Levinthal's role:

> [T]he Receiver has explained to the Court's satisfaction that he is not treating LWI Senior Member Representatives ("SMR") differently than Grande Belgravia "aggregators" such as Levinthal/Tansy. Nothing in the record before the Court indicates that either Levinthal or Tansy was an LWI or Grande Belgravia insider. Instead, the evidence before the Court strongly suggests that Levinthal/Tansy was nothing more than a downstream investor recruited by one of LWI's SMRs, Ray Fisher/Provident Funding.

(Order, at 3:2–8.)

On September 19, 2006, the Tansy Investors filed this motion for reconsideration.

## II. DISCUSSION

A motion for reconsideration is an "extraordinary remedy" granted only in "highly unusual circumstances." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). District courts are authorized to grant reconsideration motions only if the moving party (1) presents newly discovered evidence, (2) demonstrates that the Court committed clear error or made an initial decision that was manifestly unjust or (3) proves that there has been an intervening change in the controlling law. Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).

Here, the Tansy Investor's motion for reconsideration is based on additional argument regarding Malcolm Levinthal's connection to the alleged LWI ponzi scheme. Accordingly, the motion for reconsideration asserts that the Receiver's Additional Brief painted "a false picture of Malcolm Levinthal's activities." (Request for Reconsideration, at 7.) The Tansy Investors, however, failed to present any *newly discovered* evidence in support of this argument. Rather, the Tansy Investors continue to primarily rely on the deposition transcript of Aaron Keiter. As stated in the Court's September 14, 2006 order, the Court already considered Keiter's deposition testimony in ruling that Levinthal was not an LWI or Grande Belgravia insider: "The Court has reviewed the entirety of Aaron Keiter's deposition transcript and it is clear from Mr. Keiter's testimony that Levinthal/Tansy's relationship with LWI was nothing like that of a true SMR, such as Ray/Provident Funding." (Order, at 3:8–11.)

In addition to arguing about Levinthal's role in the alleged LWI ponzi scheme, the Tansy Investors also assert that the Receiver has prevented them from pursuing claims against Aaron Keiter because Keiter "filed for bankruptcy and the Receiver delayed notifying the court and these claimants herein of the bankruptcy until after the time had expired for filing claims against Mr. Keiter's estate." (Request for Reconsideration, at 1:23–24.) The Tansy Investors further assert that the Receiver's delay in notifying them of Keiter's bankruptcy was "tantamount to an agreement with Keiter to limit his exposure to liabilities in exchange for his transferring more than $10 million dollars [sic] to the Receiver's account." (Id., at 1:25–2:1.) With regard to these arguments, the Tansy Investors have failed to cite any legal authority supporting the proposition that Receiver had a duty to promptly notify the Tansy Investors — who are represented by counsel — of Keiter's bankruptcy. Moreover, assuming that such a duty existed, the Tansy Investors failed to cite any supporting evidence, much less evidence that is "newly discovered."

Because the Tansy Investors have failed to identify any newly discovered evidence in support of any of their arguments, the motion for reconsideration is **DENIED**.

Finally, if the Tansy Investors' motion is treated as a Rule 60(b) motion, relief is still unavailable. Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991). As the only ground that could provide support for the Tansy Investors' reconsideration motion is newly discovered evidence, and as discussed above they have submitted no "newly discovered" evidence, there are no grounds for Rule 60(b) relief. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n. 11 (1988) ("a party may not avail himself of the broad any other reason clause of 60(b) if [the] motion is based on grounds specified in [another clause].") (internal quotations omitted). Accordingly, to the extent the Tansy Investors' motion is treated as a Rule 60(b)

motion, it is **DENIED**.

### III. CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** the Tansy Investors' motion for reconsideration.

**IT IS SO ORDERED.**

DATED: October 16, 2006

                                       Hon. Thomas J. Whelan
                                       United States District Judge