1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. 04-CV-2037 W (LSP) |
| Plaintiff, | **ORDER GRANTING RECEIVER'S AND HIS PROFESSIONALS' FIFTH INTERIM APPLICATION FOR APPROVAL AND PAYMENT OF FEES AND EXPENSES** |
| v. | |
| LEARN WATERHOUSE, INC., et al. | |
| Defendants. | |

On October 12, 2004 the Securities and Exchange Commission commenced this securities action against Defendants Learn Waterhouse, Inc. ("LWI"), Randall T. Treadwell, Rick D. Sluder, Larry C. Saturday, and Arnulfo M. Acosta (collectively, "Defendants"). By order dated November 1, 2004 this Court granted a Preliminary Injunction freezing Defendants' assets, prohibiting the destruction of documents, requiring an accounting and repatriation of assets. The Court also appointed Thomas F. Lennon ("Receiver") as the permanent receiver authorized to take all actions necessary to protect the investors' assets.

04-CV-2037W

1    In executing his duties, the Receiver has employed the San Diego law firm of
2    Allen, Matkins, Leck, Gamble & Mallory ("Allen Matkins") and the Texas law firm of
3    Neligan, Tarpley, Andrews & Foley LLP ("Neligan Tarpley").[1]  The Receiver has also
4    retained the services of William H. Ling ("Ling") and his staff, as a Certified Public
5    Accountant.  The Court has previously approved the Receiver's and his professionals'
6    first, second, third and fourth interim fee applications.  The Receiver and his
7    professionals now seek approval and payment (subject to a 20% fee holdback) of their
8    fifth interim fee applications, covering fees and costs from December 1, 2006 through
9    February 29, 2008 (the "application period").

10    Having conducted a thorough review of the fee applications, the record in this
11    case, the progress the Receiver and his professionals have made, and no opposition
12    having been filed, the Court finds: (1) the Receiver's, Allen Matkins' and Ling's billing
13    rates are reasonable given the circumstances of the case; and (2) the work they
14    performed during the application period was reasonable and necessary.  Accordingly, the
15    Court **GRANTS** the Receiver's, Allen Matkins' and Ling's fee applications subject to
16    the following conditions:

17    1.    The Receiver applied for $36,704.50 in fees and $223.55 in costs.  The
18    Court approves the Receiver's request for fees and costs incurred during the application
19    period and authorizes payment on an interim basis of 80% and 100%, respectively.

20    2.    Ling applied for $3,687.50 in fees.  The Court approves Ling's request for
21    fees incurred during the application period and authorizes payment of 100% of the fees
22    incurred during this application period.

23    3.    Allen Matkins applied for $186,953.50 in fees and $4,006.79 in costs.  The
24    Court approves Allen Matkins' request for fees and costs incurred during the application
25    period and authorizes payment on an interim basis of 80% and 100%, respectively.

26    4.    The Receiver shall pay these amounts from available receivership estate
27    assets no later than **July 11, 2008**.

28

---

[1] Neligan Tarpley has completed its work, and applied for and obtained approval of final fees.

04-CV-2037W

1

2      **IT IS SO ORDERED.**

3

4     DATED:  May 28, 2008

5

6                                          Hon. Thomas J. Whelan
                                           United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28