# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>LEARN WATERHOUSE, INC., RANDALL T. TREADWELL, RICK D. SLUDER, LARRY C. SATURDAY, and ARNULFO M. ACOSTA,<br><br>　　　　　　　Defendants. | CASE NO. 04-CV-2037 W (LSP)<br><br>**ORDER (1) GRANTING MOTION TO INTERVENE (2) APPROVING SETTLEMENT BETWEEN OPTION ONE MORTGAGE CORPORATION AND RECEIVER AND (2) MODIFYING APPLICABLE STAYS [DOC. NO. 492]** |

　　　Pending before the Court is Option One Mortgage Corporation's ("Option One") motion for an order (1) permitting intervention, (2) approving the settlement agreement between Option One and the Receiver, and (3) modifying certain applicable stays (the "Motion"). The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d.1). For the reasons addressed below, the Court **GRANTS** the Motion (Doc. No. 492).

## I. FACTUAL BACKGROUND

On October 12, 2004, the Securities and Exchange Commission filed this lawsuit for violation of the federal securities laws. The lawsuit involves an alleged ongoing "prime bank" Ponzi scheme perpetrated by Learn Waterhouse, Inc. ("LWI").

On the same day the lawsuit was filed, this Court issued a temporary restraining order freezing all assets related to, among others, LWI and defendant Randall T. Treadwell (the "Freeze Order"), and appointing Thomas F. Lennon as the temporary receiver for LWI and its subsidiaries and affiliates. On November 1, 2004, the Court issued a preliminary injunction order that continued in effect the terms of the TRO, and converted the Receiver's appointment to that of a permanent receiver.

Before the Freeze Order was issued, on September 13, 2004, defendant Treadwell executed an adjustable rate note in the principal sum of $500,000 (the "Note"). (Banner Decl., ¶4, Ex. A.) The Note is secured by certain real property commonly known as 501 Herb River Drive, Savannah, Georgia (the "Real Property"). (Id., ¶4.) In connection with the Note, Treadwell also executed a first priority security interest in the Real Property in the form of a security deed (the "Security Deed") that secures performance of the Note (the "Treadwell Obligation"). (Id. ¶4, Ex. C.) Option One is the assignee of the Security Deed and holder of the Note under an assignment. (Banner Decl., ¶5, Ex. D.)

According to the Motion, the Treadwell Obligation is in default, and the value of the obligation now exceeds the value of the Real Properly. Specifically, the Treadwell Obligation exceeds $489,000 (Banner Decl., ¶6), whereas the value of the Real Property (as of September 13, 2007) is between $450,000 and $475,000, with the most likely value closer $450,000 (Adams, Decl., ¶5.)

Meanwhile, the Receiver demanded that Option One disgorge approximately $7,544.59 allegedly received after entry of the Freeze Order from a LWI-related bank account as payment in connection with the Treadwell Obligation. Then in March

1 2008, the Receiver and Option One settled the dispute. The Settlement Agreement
2 is conditioned on, among other things, the Court's approval and modification of all
3 stays to allow Option One to foreclose on the Real Property. Option One, therefore,
4 seeks to intervene in this lawsuit in order to obtain the Court's approval of the
5 Settlement Agreement and a modification of the stays.

7 **II.  DISCUSSION**

8 Rule 24(a)(2) permits anyone to intervene who is "so situated that the
9 disposition of the action may as a practical matter impair or impede the applicant's
10 ability to protect that interest, unless the applicant's interest is adequately
11 represented by existing parties." Fed. R. Civ. P. 24(a)(2). The Ninth Circuit applies
12 a four-prong test when weighing a Rule 24(a)(2) intervention motion:

> (1) the application for intervention must be timely; (2) the applicant must have a 'significant protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

18 Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 817-18 (9th Cir.
19 2001). The Rule 24(a)(2) inquiry is flexible, and allows for a practical analysis of the
20 facts and circumstances of each case. Donnelly v. Glickman, 159 F.3d 405, 409 (9th
21 Cir. 1998). In evaluating the motion, the court accepts as true the allegations and
22 evidence in support of the motion. Berg, 268 F.3d at 819–820. Additionally, in
23 applying the standard, courts should broadly construe the rule in the proposed
24 intervenor's favor. U.S. v. City of Los Angeles, 288 F.3d 391, 397-98 (9th Cir.
25 2002).

26 Option One has satisfied the requirements for intervention. Option One has a
27 significant protectable interest relating to the Real Property that is being impeded by
28 the litigation. Additionally, Option One's interest is not being adequately

1 represented, and the motion to intervene is timely. Accordingly, the Court grants
2 the motion to intervene.

3       Additionally, having considered the Settlement Agreement, as well as Option
4 One's Motion and all papers submitted in support thereof, including the declaration
5 of the Receiver, the Court finds that the settlement is in the best interests of the
6 receivership estate, and is fair and reasonable. The Treadwell Obligation exceeds
7 the Real Property's current value, and thus there is no equity in the Real Property for
8 the receivership estate. And under the terms of the Settlement Agreement, Option
9 One has agreed to pay the Receiver an amount equal to the "Receiver Demand"
10 (Lennon Decl., Ex. A, ¶B.5), defined as "not less than $7,544.5 which Option One
11 allegedly received after entry of the Freeze Order. . . " (Id., ¶A.9). Accordingly, the
12 Court approves the Settlement Agreement.[1]

14 **III.**   **CONCLUSION & ORDER**
15       For the foregoing reasons, the Court **GRANTS** the Motion and **ORDERS** as
16 follows:
17     1.     Option One is permitted to intervene for the purpose of bringing this
18         Motion.
19     2.     The settlement agreement between Option One and the Receiver,
20         which is attached to the Receiver's declaration as Exhibit A, is
21         approved.
22     3.     The preliminary injunction order entered on November 1, 2004, the
23         Order Granting Defendant Randall T. Treadwell's Motion to Stay
24         entered on November 17, 2005, and any other applicable stays ordered

---

[1] The only "opposition" to the Motion was filed by defendant Treadwell. The opposition, however, sought only appointment of counsel; it did not set forth any facts, law or argument in support of an opposition to Option One's request to intervene, for approval of the settlement or for modification of the applicable stays.

in this case are hereby modified to allow Option One to take all appropriate steps to foreclose on its security interest in certain real property commonly known as 501 Herb River Drive, Savannah, Georgia.

In light of the foregoing, Option One is **DISMISSED** from any further proceedings in this case.

**IT IS SO ORDERED.**

DATED: May 28, 2008

_____
Hon. Thomas J. Whelan
United States District Judge