1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11   SECURITIES AND EXCHANGE                CASE NO. 04-CV-2037 W (LSP)
     COMMISSION,
12

13                           Plaintiff,     ORDER (1) APPROVING
                                            SETTLEMENT WITH OLETA
          v.                                MUNDIS AND (2) MODIFYING
14                                          APPLICABLE STAYS TO
15   LEARN WATERHOUSE, INC.,                ALLOW OLETA MUNDIS TO
     RANDALL T. TREADWELL, RICK             FORECLOSE ON HER
16   D. SLUDER, LARRY C. SATURDAY,          SECURITY INTEREST IN
     and ARNULFO M. ACOSTA,                 CERTAIN REAL PROPERTY
17

18                           Defendants.

19

20        Pending before the Court is the Receiver's motion for an order (1) approving the

21   settlement agreement with Oleta Mundis, and (2) modifying applicable stays to allow

22   Mundis to foreclose on her security interest in certain real property (the "Motion").

23   The Court decides the matter on the papers submitted and without oral argument. See

24   Civil Local Rule 7.1(d.1).  For the reasons stated below, the Court **GRANTS** the

25   Motion (Doc. No. 479).

26   //

27   //

28   //

1    On October 12, 2004, the Securities and Exchange Commission filed this lawsuit
2    for violation of the federal securities laws.  The lawsuit involves an alleged ongoing
3    "prime bank" Ponzi scheme perpetrated by Learn Waterhouse, Inc. ("LWI").

4    On the same day the lawsuit was filed, this Court issued a temporary restraining
5    order freezing all assets related to, among others, LWI and defendant Randall T.
6    Treadwell (the "Freeze Order"), and appointing Thomas F. Lennon as the temporary
7    receiver for LWI and its subsidiaries and affiliates.  On November 1, 2004, the Court
8    issued a preliminary injunction order that continued in effect the terms of the TRO, and
9    converted the Receiver's appointment to that of a permanent receiver.

10   Before this lawsuit was filed, Treadwell purchased certain real property commonly
11   known as 47 Cardinal Road, Savannah, Chatham County, Georgia (the "Property")
12   from Oleta Mundis.  In connection with the purchase, Mundis holds a first priority deed
13   of trust on the Property ("Security Deed") securing the purchase price owed by
14   Treadwell (the "Treadwell Obligation").  Mundis planned to fund her retirement with
15   the payments from Treadwell.

16   In September 2005, Treadwell stopped making payments to Mundis.
17   Additionally, the Receiver learned that payments Mundis had received before and after
18   the entry of the Freeze Order came from funds obtained from LWI investors.
19   Accordingly, the Receiver asserted an interest in the Property and demanded the return
20   of all payments Mundis received after entry of the Freeze Order.

21   On or about February 8, 2008, the Receiver and Mundis resolved their dispute
22   and executed a settlement agreement (the "Settlement Agreement").  Under the terms
23   of the agreement, Mundis will return to the Receiver all payments against the Treadwell
24   Obligation received after entry of the Freeze Order, which total $17,388, and Mundis
25   will pay an additional $5,000 to the Receiver to offset certain litigation expenses.  The
26   Settlement Agreement is contingent on this Court's approval and modification of all
27   applicable stays to allow Mundis to foreclose on her security interest on the Property.
28   Accordingly, on February 15, 2008, the Receiver filed the Motion.

04-CV-2037W

1    On March 18, 2008, Treadwell filed a "Notice of Motion and Motion for Order
2 (A) Oppose Motion Disapproving Settlement with Oleta Mundis; (B) Against
3 Foreclosure on Security Interest in Real Property." (Doc. No. 484.)  In the document,
4 Treadwell asserts that his family resides in the Property, and he requests appointment
5 of civil counsel.[1]

6    As a result of Treadwell's filing, the Receiver requested a continuance of the
7 hearing on the Motion to allow the Receiver an opportunity to investigate Treadwell's
8 claim that the Property is his family's primary residence.  Accordingly, on April 10,
9 2008, this Court continued the hearing date to June 9, 2008.  The order also set May
10 12, 2008 as the deadline for opposing the Motion, and specifically warned that failure
11 to file an opposition "**may result in the motion being granted**." (Doc. No. 494.)

12    No opposition was filed.[2]

13    On June 2, 2008, the Receiver filed a Notice of Non-Opposition, confirming that
14 the Receiver had not received an opposition to the Motion.  (See Doc. No. 505.)
15 Additionally, the Receiver submitted the Declaration of B.K. Logan, Jr., who inspected
16 and conducted an investigation into the Property.  (See Doc. No. 504.)  The declaration
17 refutes Treadwell's claim that the Property is his family's primary residence.    In light of
18 the foregoing, and having considered the Settlement Agreement, as well as the
19 Receiver's Motion and all papers submitted in support thereof, the Court finds that the
20 settlement is in the best interests of the receivership estate, and is fair and reasonable.
21 Accordingly, the Court **GRANTS** the Motion (Doc. No. 479) and **ORDERS** as
22 follows:

23    1.    The Settlement Agreement between the Receiver and Jillane M. Thomas,
24          Attorney-in-Fact for Oleta Mundis, which is attached to the Receiver's
          Memorandum of Points and Authorities (Doc. 479-2) as Exhibit A, is
25          approved.

26

27    [1]The Court denied Treadwell's request for appointment of counsel. (See Doc. No. 501.)

28    [2]To date, neither Treadwell nor any other party has filed an opposition or a request for
an extension of time to file an opposition to the Motion.

04-CV-2037W

1

2.      The preliminary injunction order entered on November 1, 2004, the order granting Defendant Randall T. Treadwell's motion to stay entered on November 17, 2005, and any other applicable stays ordered in this case are hereby modified to allow Oleta Mundis to take all appropriate steps to foreclose on the Security Deed, and to pursue any other rights and remedies regarding the Property.

2

3

4

5

6       **IT IS SO ORDERED.**

7

8

9

10

11      DATED:  June 11, 2008

12

13      _____
        Hon. Thomas J. Whelan
        United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -                                                                        04-CV-2037W